**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: 2026 CYCLOSPORIASIS OUTBREAK LITIGATION | **MDL No.** |

**PLAINTIFFS GELBSPAN AND GRANADOS' MEMORANDUM IN SUPPORT OF CENTRALIZATION AND TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

In accordance with Rule 7.1.(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation (the "Panel"), Plaintiffs GELBSPAN and GRANADOS (collectively, the "Plaintiffs") submit this Memorandum in Support of Centralization and Transfer to the Northern District of California as it relates to *Gelbspan, et al. v. Taylor Fresh Foods, Inc.*, Case No. 7:26-cv-07346 (N.D. Cal. July 16, 2026) ("*Gelbspan*").

## I.     INTRODUCTION

To date, three consumer protection actions (the "Related Actions") have been filed in three federal district courts (the Northern District of California, the Eastern District of Michigan, and the Northern District of Ohio) against TAYLOR FRESH FOODS, INC. ("Taylor Farms"), TACO BELL CORP. and TACO BELL OF AMERICA, LLC (collectively, "Taco Bell"), PACIFIC BELLS, LLC, and JOHN DOE CORPORATIONS 1-5. *See Ayyad v. Pacific Bells, LLC, et al.*, Case No. 1:26-cv-01648 (N.D. Oh. July 16, 2026); *Gelbspan, et al. v. Taylor Fresh Foods, Inc.*, Case No. 7:26-cv-07346 (N.D. Cal. July 16, 2026); *Parrish, et al. v. Taco Bell Corp., et al.*, Case No. 2:26-cv-12448-MFL-KGA (E.D. Mi. July 17, 2026) (the "Related Actions").

1

These Related Actions, like *Gelbspan*, arise out of the single nucleus of operative fact: that, throughout the United States, Taylor Farms sold lettuce, leafy greens, and other vegetable products into commerce which were contaminated with Cyclosporiasis.

For the reasons discussed herein, Plaintiffs Gelbspan and Grandos support both centralization of the various Related Actions as well as transfer to the Northern District of California pursuant to 28 U.S.C. § 1407.

## II.    CENTRALIZATION IS NECESSARY FOR PRETRIAL PURPOSES

There are 3 Related Actions pending in 3 different judicial districts; there should be no disagreement that centralization is of paramount importance to the just and efficient progress of these antitrust actions.

*The Related Actions Involve Multiple Commons Questions of Fact and Law.* Where, as here, multiple actions pending in different judicial districts concern common questions of fact and law, such actions should be coordinated or consolidated in one district for pretrial proceedings under 28 U.S.C. §1407. The related actions involve common questions of fact, including:

- Whether Defendants sold food which was contaminated with Cyclosporiasis;

- Whether Defendants knew or should have known that the food that they were selling was contaminated with Cyclosporiasis;

- Whether Defendants safeguards to prevent Cyclosporiasis outbreaks were sufficient;

- The relevant geographic scope and sale of the products at issue; and

- The amount of damages suffered by Plaintiffs.

*Consolidation in a Single Judicial District Will Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Related Actions.* Centralization under 28 U.S.C. §1407 is proper where it "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Digital Advert. Antitrust Litig.*, 555

F. Supp. 3d 1372, 1375 (J.P.M.L. 2021) (centralization granted); *In re North Sea Brent Crude Oil Futures Litig.*, 978 F Supp. 2d 1384, 1385 (J.P.M.L. 2013) (centralization granted).  Centralization is likewise appropriate where, as here, it:

> [E]liminate[s] duplicative discovery; prevent inconsistent pretrial rulings (especially with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.

*In re Aluminum Warehousing Antitrust Litig.*, 988 F. Supp. 2d 1362, 1363 (J.P.M.L. 2013). Indeed, complex "actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts."  MDL Manual § 5:14. Here, centralization would have:

> [A] salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any [non-common issues] to proceed concurrently with pretrial proceedings on [common issues]; and ii) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

*In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1371 (J.P.M.L. 2006).

### III.    TRANSFER IS APPROPRIATE

This litigation involves an alleged sprawling food contamination and Cyclosporiasis outbreak which is currently spanning throughout the United States.  The Panel should therefore select a district for centralization that is "convenient and accessible for the parties and witnesses."  *In re Kind LLC (All Nat.) Litig.*, 118 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015); *In re Standard & Poor's Rating Agency Litig.*, 949 F. Supp. 2d 1360, 1362 (J.P.M.L. 2013) (transferring cases to a District where it "provides a convenient and accessible forum").

*The Related Actions Should Be Centralized in the Northern District of California.*  In terms of convenience to the litigants and witnesses, the Northern District of California, located in Monterey, California, is centrally located on the West Coast of the United States (where all of the

3

defendants are located) and is readily accessible because it is within an hour drive of numerous major international airports, including in San Jose and San Francisco. Furthermore, Monterey has a significant amount of hotels and other lodging options for the litigants and witnesses to utilize, including dozens of hotels in Monterey alone.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs Granados and Gelbspan hereby respectfully request that the Panel transfer the Related Actions and centralize *In re 2026 Cyclosporiasis Outbreak Litigation* in the Northern District of California in Monterey, California.

DATED: July 17, 2026

Respectfully Submitted,

*/s/ Blake Hunter Yagman*

Blake Hunter Yagman
   YAGMAN PLLC
626 RexCorp Plaza, Suite 605
Uniondale, New York 11556
Tel.: (929) 709-1493
Email:  *blake.yagman@yagmanpllc.com*

4

## BEFORE THE UNITED STATES JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: 2026 CYCLOSPORIASIS OUTBREAK LITIGATION | **MDL No.** |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial

Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Plaintiffs'

Memorandum in Support of Centralization and Transfer to the Northern District of California

was served on all parties in the following cases electronically via ECF, or as otherwise indicated

in Exhibit A.

DATED: July 17, 2026                           Respectfully submitted,

                                               */s/ Blake Hunter Yagman*

                                               Blake Hunter Yagman
                                                  YAGMAN PLLC
                                               626 RexCorp Plaza, Suite 605
                                               Uniondale, New York 11556
                                               Tel.: (929) 709-1493
                                               Email:  *blake.yagman@yagmanpllc.com*

5

## <u>EXHIBIT A</u>
## PROOF OF SERVICE

Served via first class mail:

Brendan Flaherty, MN #0327657
Ryan Osterholm, MN #0390152
**OFT Law PLLC**
800 LaSalle Avenue, Suite 2260
Minneapolis, MN 55402
Attorneys for Plaintiffs

***Parrish, et al. v. Taco Bell Corp., et al.*,**
**Case No. 2:26-cv-12448-MFL-KGA (E.D. Mi. July 17, 2026)**

6

Served via electronic mail:

Lina Kaisey (SBN 314322)
*lina@kaiseylaw.com*
   **KAISEY LAW P.C.**
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90403
Tel.: (858) 774-0819

Blake Hunter Yagman (N.Y. Bar No. 5644166)*
*blake.yagman@yagmanpllc.com*
   **YAGMAN PLLC**
626 RexCorp Plaza
Uniondale, New York 11556
Tel.: (929) 709-1493

Charles D. Moore*
*cmoore@reesellp.com*
   **REESE LLP**
121 N. Washington Ave., Fourth Floor
Minneapolis, Minnesota 55401
Tel.: (212) 643-0500

Kevin Laukaitis*
*klaukaitis@laukaitislaw.com*
   **LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon, Suite 205, #10518
San Juan, Puerto Rico 00907
Tel.: (215) 789-4462

***Gelbspan, et al. v. Taylor Fresh Foods, Inc.*,**
**Case No. 7:26-cv-07346 (N.D. Cal. July 16, 2026)**

Alexander Darr (0087102)
**DARR LAW**
1391 W. 5th Ave., Ste. 313
Columbus, Ohio 43212
Telephone: (614) 465-3277
Facsimile: (855) 225-3277
Alex@Darr.Law

William D. Marler
William D. Marler, WSBA #17233
(*pro hac vice* motion forthcoming)
**MARLER CLARK, INC., PS**
180 Olympic Drive S.E.

7

Bainbridge Island, WA 98110
Telephone: (800) 884-9840
Email: bmarler@marlerclark.com

***Ayyad v. Pacific Bells, LLC, et al.*,**
**Case No. 1:26-cv-01648 (N.D. Oh. July 16, 2026)**