**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: 2026 MULTISTATE CYCLOSPORIASIS OUTBREAK LITIGATION**

**MDL No. 3196**

# Response of Plaintiff Dawn Koss to Plaintiffs Granados and Gelbspan's Notice of Withdrawal of Motion to Transfer and Centralize Related Actions

## I. INTRODUCTION

Plaintiff Dawn Koss, plaintiff in *Koss v. Taco Bell Corp., et al.*, Case No. 2:26-cv-12675-LVP-EAS (E.D. Mich.), submits this response to the Notice of Withdrawal of the Amended Motion to Transfer and Centralize Related Actions filed by Plaintiffs Victor Granados and Kait Gelbspan (collectively, "Movants") pursuant to Rule 7.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation.

Plaintiff Koss **agrees** that centralization under 28 U.S.C. § 1407 is appropriate and necessary. The Related Actions arise from a single nucleus of operative fact: Taylor Fresh Foods, Inc. and Taylor Farms California, Inc. (collectively, "Taylor Farms") sold Cyclospora-contaminated shredded iceberg lettuce that was served at Taco Bell restaurants, sickening consumers across multiple states. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings — including on class certification — and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiff Koss **respectfully disagrees**, however, with Movants' proposed transferee forum. The Northern District of California is not the most appropriate district. The **Eastern District of Michigan** is the natural and correct center of gravity for this litigation. Michigan recorded more confirmed and probable cyclosporiasis cases than any other state in the nation — an 8,000-percent increase above its annual baseline — within two weeks of the outbreak's

emergence. Michigan authorities were the first to identify contaminated lettuce as the probable source. The FDA's pivotal 90-percent iceberg lettuce finding was generated entirely from Michigan data. Four identified Related Actions are already pending in the Eastern District of Michigan, more than any other jurisdiction. The facts, the witnesses, the investigative record, and the majority of injured class members are in Michigan which makes Michigan the logical forum for this litigation.

## II. BACKGROUND

Beginning in or about May 2026, a multistate outbreak of cyclosporiasis linked to food served at Taco Bell restaurants emerged across the United States. As of July 16, 2026, five states — Indiana, Kentucky, Michigan, Ohio, and West Virginia — had reported a total of 1,644 people infected with Cyclospora who also reported exposure to Taco Bell, with reported illness-onset dates ranging from May 13 to July 13, 2026, and 94 hospitalizations.[1]

The FDA and CDC, in collaboration with state and local partners, investigated the outbreak and determined that shredded iceberg lettuce was the food item that sickened individuals had in common. The FDA's traceback investigation identified convergence on a single supplier of shredded iceberg lettuce from Mexico — Taylor Farms — used by the Taco Bell locations where sickened individuals had eaten before becoming ill.[2]

Plaintiff Dawn Koss is a citizen of the State of Michigan, residing at 7804 Arendt Road, Melvin, MI 48454. On June 28, 2026, she dined at the Taco Bell located at 203 N. Main St., Yale, Michigan. Approximately two days later she developed severe symptoms including

---

[1] https://www.cdc.gov/media/releases/2026/shredded-iceberg-lettuce-served-at-taco-bell-locations-is-source-of-cyclosporiasis-infections.html

[2] https://www.cdc.gov/media/releases/2026/shredded-iceberg-lettuce-served-at-taco-bell-locations-is-source-of-cyclosporiasis-infections.html

explosive diarrhea and fatigue, sought medical treatment, was prescribed antibiotics, and reported her illness to the local health department. She possesses both a receipt and proof of payment for the transaction.

## III. CENTRALIZATION IS APPROPRIATE AND NECESSARY

Plaintiff Koss does not dispute that the requirements of 28 U.S.C. § 1407 are satisfied. The Related Actions share the same central questions of fact and law:

- Whether Defendants sold food contaminated with Cyclospora;
- Whether Defendants knew or should have known the food was contaminated;
- Whether Defendants' food-safety safeguards were adequate;
- The geographic scope of contaminated product distribution; and
- The nature and measure of damages suffered by plaintiffs and the putative class.

There are eight Related Actions all of which are in early pleading stages — no responsive pleadings, no dispositive motions, and no discovery conducted. Centralization now will allow a single transferee judge to resolve common legal and factual issues efficiently across the entire docket, prevent inconsistent rulings — particularly with respect to class certification — and conserve judicial and party resources. *In re Aluminum Warehousing Antitrust Litig.*, 988 F. Supp. 2d 1362, 1363 (J.P.M.L. 2013).

## IV. THE EASTERN DISTRICT OF MICHIGAN IS THE MOST APPROPRIATE TRANSFEREE FORUM

The Panel selects the transferee district that is "convenient and accessible for the parties and witnesses". *In re Kind LLC (All Nat.) Litig.*, 118 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015). By every relevant measure — case concentration, investigative origin, witness location, pending docket, and geographic accessibility — the Eastern District of Michigan satisfies that

standard more fully than any other district, and certainly more than the Northern District of California proposed by Movants.

## A. Michigan Is the Undisputed Epicenter of the 2026 Outbreak — by a Margin That Cannot Be Ignored

Michigan ordinarily records approximately 40 to 50 cyclosporiasis cases in an entire year. Beginning June 22, 2026 — the date the outbreak first surfaced in Michigan — over 4,312 cases were recorded in Michigan alone within just two weeks, with over 100 hospitalizations. State-reported Michigan counts — which include both probable and confirmed cases — have substantially exceeded the number of laboratory-confirmed cases attributed to the outbreak nationally.[3] As of the date of this response, Michigan's case count is up to 13,909 sickened with 314 reported hospitalizations and 2 deaths.[4] The CDC reports more sickened people today in Michigan than in any state in the country.[5]

This is not a close call. A state that in a normal year records fewer than 50 cyclosporiasis cases recorded more than 4,300 within two weeks — a greater than 8,000-percent increase above baseline. No other state in the five-state cluster approaches these numbers. Michigan is the epicenter of this litigation in the most literal sense. The MDL should be situated accordingly.

## B. Michigan Sits at the Geographic Center of the Five-State Cluster — Making It the Most Convenient Forum for Every Affected State

The CDC identified Indiana, Kentucky, Michigan, Ohio, and West Virginia as forming a single multistate cluster with a common source. Michigan sits at the geographic heart of that five-state footprint. The Eastern District of Michigan, located in Detroit, is more accessible to

[3] https://www.fox2detroit.com/news/cyclosporiasis-michigan-outbreak-cases-rise-4312-thursday

[4] https://www.michigan.gov/mdhhs/keep-mi-healthy/infectious-diseases/infectious-disease-outbreaks

[5] https://www.cdc.gov/cyclosporiasis/outbreaks/07-26/locations.html

witnesses and counsel from Indiana, Ohio, Kentucky, and West Virginia than a California coastal city is to any of those states. Centralizing in the Eastern District of Michigan serves the convenience of witnesses and parties across all five affected states; centralizing in California serves none of them.

## C. Michigan Authorities Drove the Entire Investigation — the Core Evidentiary Record Originated Here

The Michigan Department of Health and Human Services announced the outbreak on or about July 1, 2026 — before federal authorities acted — making Michigan public health officials the first investigators to identify salad greens as the probable source of the multistate outbreak.[6] In early July 2026, Taco Bell restaurants across Michigan posted counter-side notices that they could no longer serve lettuce, cilantro, onions, pico de gallo, or guacamole — a consumer-facing signal prompted by Michigan-led investigation that drew national federal attention to the contamination source.[7]

The FDA's subsequent ingredient-level analysis of Michigan Taco Bell-exposed cases found that approximately 90 percent reported eating iceberg lettuce, leading directly to the traceback convergence on a single supplier of shredded iceberg lettuce from Mexico reported on July 16, 2026.[8] This 90-percent finding — the linchpin of the liability case against Taylor Farms — was *Michigan-generated*. It was derived from Michigan data, by investigators working with Michigan state records, anchored in Michigan Taco Bell locations. The

---

[6] https://www.michigan.gov/mdhhs/inside-mdhhs/newsroom/2026/07/01/cyclosporiasis

[7] https://www.freep.com/story/news/health/2026/07/14/michigan-taco-bell-restaurants-recall-lettuce-cilantro-cyclosporiasis-outbreak/90850213007/?gnt-cfr=1&gca-cat=p&gca-uir=false&gca-epti=z1179xxp002450l000250c002450u002960e1179xxv002360&gca-ft=128&gca-ds=sophi

[8] https://www.fda.gov/food/outbreaks-foodborne-illness/investigation-multistate-outbreak-cyclospora-illnesses-iceberg-lettuce-july-2026#:~:text=FDA's%20traceback%20investigation%20has%20identified,people%20ate%20before%20becoming%20ill.

epidemiological work product at the center of every plaintiff's claim originated in Michigan, not California. Requiring the parties to litigate in California means transporting the entire investigative record thousands of miles away from the governmental agencies that created it.

The most important non-party witnesses in this litigation — Michigan DHHS investigators, local public health officials, treating physicians of the majority of sickened consumers, and Taco Bell location employees who pulled the implicated ingredients — are all located in Michigan.

## F. Plaintiff Dawn Koss Is a Concrete, Early-Outbreak Michigan Witness Whose Documents Are Anchored in Michigan

Plaintiff Dawn Koss dined at the Taco Bell located at 203 N. Main St., Yale, Michigan on June 28, 2026 — within days of the outbreak's first emergence in Michigan. She developed severe symptoms approximately two days later, sought medical treatment, was prescribed antibiotics, and reported her illness to the local health department. As of August 13, 2026, she mailed her health department report, her Taco Bell receipt, and her order to counsel; her medical records are anticipated to follow.

Her case illustrates, concretely, that the physical documents, treating providers, health department records, and early epidemiological data anchoring the class claims are located in Michigan — not in a California coastal city. She is one of thousands of Michigan class members whose cases will be litigated in this MDL; requiring all of them to litigate in California is neither convenient nor just.

## H. The Eastern District of Michigan Is Fully Accessible

Movants argued that Monterey, California is accessible because it is within an hour's drive of major international airports in San Jose and San Francisco, and that Monterey has

ample lodging. This argument ignores the actual population of parties and witnesses in this litigation. The Theodore Levin United States Courthouse — located at 231 W. Lafayette Boulevard, Detroit, Michigan 48226 — sits in the heart of a major metropolitan area served by Detroit Metropolitan Wayne County Airport, one of the busiest and best-connected airports in the Midwest, offering nonstop service from California and from every state within the five-state cluster. Unlike Monterey — a coastal city requiring travelers to first fly into a separate hub and then drive an additional hour — the Detroit courthouse is directly accessible. When measured against the actual parties in this litigation — thousands of Michigan class members, Michigan state officials, Michigan treating physicians, and investigators whose records are in Michigan — the convenience calculation strongly favors the Eastern District of Michigan.

## V. CONCLUSION

Michigan is where this outbreak began. It is where it is most concentrated — by more than 4,300 cases within a two-week window. It is where public health authorities first identified contaminated lettuce as the source. It is where the FDA generated the 90-percent iceberg lettuce finding that anchors the liability case. It is where the majority of injured class members live, where their treating providers practice, and where the health department records documenting the outbreak were created. And it is where two of the four Related Actions are already pending. There is no more appropriate, more convenient, or more connected forum for this litigation.

Plaintiff Dawn Koss respectfully requests that the Panel (1) **grant** centralization of the Related Actions under 28 U.S.C. § 1407, and (2) **transfer** the Related Actions to the **United States District Court for the Eastern District of Michigan** for coordinated or consolidated pretrial proceedings, as the district most closely connected to the 2026 cyclosporiasis outbreak, most convenient to the greatest number of affected class members and material witnesses, and best positioned to manage this litigation efficiently and justly.

Dated: August 18, 2026

Respectfully submitted,

*/s/ Alyson Oliver*

Alyson Oliver (P55020)
Oliver Bell Group
50 W. Big Beaver Road, Suite 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com
*Attorney for Plaintiff Dawn Koss and the Putative Class*