**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: 2026 MULTISTATE CYCLOSPORIASIS OUTBREAK LITIGATION** | MDL Docket No. 3196 |

**DEFENDANTS TAYLOR FRESH FOODS, INC. AND TAYLOR FARMS CALIFORNIA, INC.'S RESPONSE TO WITHDRAWAL OF MOTION TO TRANSFER AND OPPOSITION TO TRANSFER AND CENTRALIZATION**

Pursuant to the Defendants Taylor Fresh Foods, Inc. and Taylor Farms California, Inc. (collectively "Taylor Farms") oppose transfer under 28 U.S.C. § 1407.

## I. INTRODUCTION

Plaintiffs Victor Granados and Kait Gelbspan ("Plaintiffs") filed their Amended Motion for Transfer Under 28 U.S.C. § 1407 on July 17, 2026. On August 17, 2026, they withdrew their motion. Shortly thereafter, the Panel issued a Minute Order noting the withdrawal and stating that "Any party wishing to respond to the notice of withdrawal must do so by 12:00 p.m. August 20, 2026, and must state whether they support centralization." Taylor Farms files this opposition to state that they oppose centralization and transfer should any party file in support of centralization and the Panel reach the merits.

## II. ARGUMENT

The Panel may transfer pending actions to a single district "upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Here, Taylor Farms faces two general categories of claims: (1) class actions seeking economic loss only, with

no personal injury; and (2) individual actions asserting personal injury claims. Centralization would neither serve convenience nor promote justice or efficiency for either category of claim.

### A. The class actions seek economic loss only and should not be centralized.

The Plaintiffs who filed the now-withdrawn class action, like the other two class actions filed in the Northern District of California, assert pure economic loss and no personal injury.[1] Their claims rest on the allegations that Taylor Farms provided iceberg lettuce that was unfit for consumption and could have infected them with cyclospora (but did not), and therefore they paid for product that should not have been sold and they would not have purchased had they been warned. None alleges any personal injury. The legal viability of those claims is a question uniquely presented in the class actions, which the personal injury claims do not present. Further, questions about the nature and existence of the economic harm alleged by the mere purchase of products that were exactly what the plaintiffs expected—products that did not make them sick—do not exist in the personal injury actions. Finally, Taylor Farms has not opposed consolidation of the *Granados/Gelbspan* class action with other class actions pending in the Northern District of California. Those class actions can most effectively and efficiently be adjudicated in that forum and through that consolidation.

### B. The personal injury cases present individual questions of liability, causation, and damages that defeat any claim of efficiency.

For the personal injury cases, the individual questions will overshadow any perceived efficiencies associated with transfer. First, those cases presume that there is a single cyclospora outbreak in the United States, that it is tied to Taylor Farms, and that each alleged illness thus

[1] One additional class action, *Koss v. Taco Bell Corp. et al.*, E.D Mich. Case No. 1:26-cv-12675, seeks class treatment of a class of people who ate at Taco Bell and later were diagnosed with cyclospora. That action is not part of the consolidation effort in the Northern District of California. It is better categorized with the personal injury cases.

must be tied to Taylor Farms. But the Food and Drug Administration has *seven* active Cyclospora investigations—six of which identify no source. *See* https://www.fda.gov/food/outbreaks-foodborne-illness/investigations-foodborne-illness-outbreaks. Further, unlike many pathogens, whole genome sequencing is not available for Cyclospora. https://www.cdc.gov/cyclosporiasis/php/surveillance/index.html ("[T]he *Cyclospora* parasite is harder to track than many bacteria like *Salmonella* because whole genome sequencing isn't available for this pathogen.").

This means individual cases cannot readily be linked to a source and instead require individual inquiries. Each personal injury case will require an individual showing regarding what, when, and where each plaintiff actually consumed the product they allege sickened them, whether that product in fact sickened them, and, if so, whether that specific product consumed at that time in that location was tied to Taylor Farms. These are not merely individual questions of damages (although those exist too). They are questions going to whether the plaintiffs were exposed to the alleged contaminated source *at all*, which goes directly to liability and causation. *See, e.g., In re: Northeast Contaminated Beef Products Liability Litigation*, MDL No. 2346, Order Denying Transfer (denying centralization of *E. coli* outbreak cases because "[i]ndividualized issues of causation concerning each plaintiff's injuries appear to predominate among the actions");[2] *see also In re Mirena Ius Levonorgestrel-Related Prods. Liab. Litig.*, 38 F. Supp. 3d 1380, 1381 (U.S. Jud. Pan. Mult. Lit. 2014) (denying transfer in part given the "individualized causation disputes likely to predominate"). Proceeding individually is most efficient.

[2] This Order is available at https://www.jpml.uscourts.gov/sites/jpml/files/MDL-2346-Denied_Transfer.pdf.

Finally, Taylor Farms is represented in all matters by the same national counsel and is experienced working with many of the attorneys on the plaintiff side. The plaintiffs' firms with the deepest experience in food safety litigation have represented to Taylor Farms' counsel that, collectively, they currently have over 1500 claimants. Counsel are already working collaboratively to exchange information regarding those claimants and explore possible resolution of claims outside of litigation. A similar approach has been used by counsel in prior *Cyclospora* and other foodborne illness outbreaks and resulted in significantly reduced legal expenses and more rapid disposition of claims. Allowing transfer and centralization, however, would likely derail this tested process by requiring the parties to wait for the appointment of "lead" counsel and then managing that lead counsel's injection into the cooperative process. Accordingly, the "informal cooperation among the involved attorneys is both practicable and preferable to centralization." *In re Mirena Ius Levonorgestrel-Related Prods. Liab. Litig.*, 38 F. Supp. 3d at 1381; *see also In re: Northeast Contaminated Beef Products Liability Litigation,* MDL No. 2346, Order Denying Transfer ("[I]nformal cooperation among the involved attorneys and courts is both practicable and preferable.").

## III. CONCLUSION

For the foregoing reasons, the Panel should deny transfer and allow the current and future actions to proceed individually.

Date: August 19, 2026

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*s/ Kevin H. Kono*

Kevin H. Kono
560 SW 10th Avenue, Suite 700
Portland, OR 97205
kevinkono@dwt.com
Tel: (503) 778-5331

*Attorney for Defendants*
*Taylor Fresh Foods, Inc. and Taylor Farms California, Inc.*