**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: 2026 CYCLOSPORIASIS OUTBREAK LITIGATION | **MDL No. 3196** |
|---|---|

**RESPONSE OF THE BURNHAM/JONES PLAINTIFFS TO PLAINTIFFS GELBSPAN AND GRANADOS' WITHDRAWAL OF MOTION FOR CENTRALIZATION AND TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

## I. INTRODUCTION

Plaintiffs Lucas Burnham, Ronald Dotson, Kyle Dyson, Connie Horton, Ryan McRae, Maurice Eadie, and Christina Seal (the "Burnham Plaintiffs") and Kurtis Jones, Cindy Flury, Nicholas Armbruster, April Baum, Janice Marie Beck, Trevor Briske, William Henry Brown, Jr., Derrick Cook, Regina Cross, Blake Davis, Corey Davis, Sandra Domogala, Antron Dorris, Stephen Edgcombe, Penni Freese, Reynaldo Gonzalez, Lindsey Grimsic, Joshua Grimsic, Doni Houghtaling, Ismar Jakupovic, Michael Johnson, Sandra Jones, Alison Koppin, Callie Lewis, Alison Lukitsch, Sarah Mabee, Curt Mackover, April Maddy, Craig Manning, Domenico Mattozza, Brandi Meredith, Benjamin Mitchell, Lisa Morris, Latonya Parker, Ruby Parker-Coe, Nancy Pruett, Gail Shaffer, Carol Shriver, Jahana Stringer, Bethany Stump, Suzanne Ulicny, Daryl Vettese, Nicholas Weatherhead, Robert Woodson, and Harry Yuschak (collectively, the "Jones Plaintiffs" and, together with the Burnham Plaintiffs, the "Burnham/Jones Plaintiffs") respectfully submit this Response to Plaintiffs Gelbspan and Granados' Withdrawal of Motion to Transfer and Amended Memorandum in Support of Centralization and Transfer to the Northern District of California.

The Burnham/Jones Plaintiffs believe that centralization of the Related Actions pursuant to 28 U.S.C. § 1407 is appropriate, and request that the Judicial Panel on Multidistrict Litigation (the "Panel") transfer the actions to the United States District Court for the Eastern District of Michigan.[1]

The Eastern District of Michigan is the most appropriate forum because Michigan is the epicenter of the cyclosporiasis outbreak. Michigan has experienced the largest number of reported

[1] Since Plaintiffs Gelbspan and Granados have withdrawn their request for centralization, at the time of this filing, there have been no other districts proposed for centralization.

illnesses and hospitalizations in the country, with more than *13,900* Michigan residents (and counting) having suffered infection, including 314 of which were hospitalized and two who tragically lost their lives.[2] There are also six Related Actions currently pending in the Eastern District of Michigan, three of which are pending before Judge Matthew F. Leitman, who has experience presiding over multidistrict litigation, and 58 of the 67 total plaintiffs who have filed suit arising from this outbreak filed suit in the Eastern District of Michigan. As a result, after centralized proceedings conclude, the vast majority of plaintiffs will remain in the Eastern District of Michigan to proceed to trial with a judge familiar with the case.

Accordingly, the Burnham/Jones Plaintiffs respectfully request that the Panel centralize the Related Actions, including all subsequently filed tag-along actions, in the Eastern District of Michigan before the Honorable Matthew F. Leitman.

## II. BACKGROUND

### A. The 2026 Cyclospora Outbreak

Beginning in approximately May 2026, public-health officials began receiving reports of an unusually large number of Cyclosporiasis cases throughout the United States. Cyclosporiasis is a gastrointestinal illness caused by consuming food or water contaminated with the Cyclospora parasite. Symptoms commonly include prolonged or recurring watery diarrhea, loss of appetite, weight loss, stomach cramping, nausea, fatigue, and, in some cases, fever and vomiting.

The number of reported cases rose rapidly during June and July 2026. Federal and state public-health officials ultimately linked the outbreak to shredded iceberg lettuce supplied by Taylor Farms and served at Taco Bell restaurants. Michigan quickly became the epicenter of the

---

[2] *Infection Disease Outbreaks*, MICHIGAN HEALTH & HUMAN SERVICES, https://www.michigan.gov/mdhhs/keep-mi-healthy/infectious-diseases/infectious-disease-outbreaks (last visited August 19, 2026).

outbreak, with cases and hospitalizations far outpacing other states.[3]




The number of infections in Michigan is not coincidental. It results directly from the source and spread of the outbreak, the distribution routes for the allegedly contaminated lettuce, and the particular Taco Bell restaurants that received and sold the lettuce.

The *Burnham* case, *Burnham, et al. v. Taylor Fresh Foods, Inc., et al.*, Case No. 2:26-cv-12528-MFL-KGA (E.D. Mich. July 23, 2026), and the *Jones* case, *Jones, et al. v. Taylor Fresh Foods, Inc., et al.*, No. 26-cv-12835 (E.D. Mich. Aug. 12, 2026), were filed by 52 Michigan residents who purchased food containing lettuce supplied by Defendant Taylor Fresh Foods, Inc. d/b/a Taylor Farms ("Taylor Farms") from Taco Bell restaurants located throughout southeastern Michigan and subsequently contracted Cyclosporiasis. They received medical treatment from Michigan physicians, urgent care facilities and hospitals, and suffered their injuries and damages in Michigan.

[3] Where People Got Sick: Cyclospora Outbreak, July 2026 | Cyclosporiasis | CDC

## B. The Related Actions

Plaintiffs Gelbspan and Granados identified three Related Actions that had been filed at the time of their Motion to Transfer:

1. *Ayyad v. Pacific Bells, LLC, et al.*, Case No. 1:26-cv-01648 (N.D. Ohio July 16, 2026);
2. *Gelbspan, et al. v. Taylor Fresh Foods, Inc.*, Case No. 7:26-cv-07346 (N.D. Cal. July 16, 2026); and
3. *Parrish, et al. v. Taco Bell Corp., et al.*, Case No. 2:26-cv-12448 (E.D. Mich. July 17, 2026).

Since then, numerous additional actions have been filed, including *Burnham* and *Jones*:

4. *Caruso v. Taco Bell of America, LLC*, *et al.*, Case No. 26-cv-01661 (N.D. Ohio July 17, 2026);
5. *Hercula, et al. v. Taco Bell of America, LLC*, Case No. 26-cv-12524 (E.D. Mich. July 22, 2026);
6. *Burnham, et al. v. Taylor Fresh Foods, Inc., et al.*, Case No. 2:26-cv-12528 (E.D. Mich. July 23, 2026);
7. *Null, et al. v. Taylor Fresh Foods, Inc., et al.*, Case No. 26-cv-07629 (N.D. Cal. July 23, 2026);
8. *Harris v. Taco Bell of America, LLC*, *et al.*, Case No. 26-cv-12648 (E.D. Mich. July 31, 2026);
9. *Koss v. Taco Bell Corp., et al.*, Case No. 26-cv-12675 (E.D. Mich. Aug. 3, 2026);
10. *Bogard v. ABTB Louisville LLC, et al.*, Case No. 26-cv-00607 (W.D. Ky. Aug. 6, 2026);
11. *Giles v. Taylor Fresh Foods, Inc., et al.*, Case No. 26-cv-08178 (N.D. Cal. Aug. 6, 2026);
12. *O'Hara v. Border Foods, LLC, et al.*, Case No. 26-cv-02183 (W.D. Mich. Aug. 11, 2026); and
13. *Jones, et al. v. Taylor Fresh Foods, Inc., et al.*, No. 26-cv-12835 (E.D. Mich. Aug. 12, 2026).

These Related Actions arise from the same nationwide outbreak, concern the same contaminated lettuce, name several of the same defendants, and raise substantially overlapping factual questions regarding the cultivation, processing, testing, distribution, recall, and sale of lettuce contaminated with the Cyclospora parasite.

# III. ARGUMENT

## A. Centralization is Appropriate Under 28 U.S.C. § 1407.

Pursuant to 28 U.S.C. § 1407(a), centralization is appropriate where (1) the pending actions

involve one or more common questions of fact; (2) transfer will aid the convenience of parties and witnesses; and (3) transfer will promote the just and efficient conduct of such actions. "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2016). As detailed below, these factors weigh heavily in favor of centralization of the actions in the Eastern District of Michigan.

The threshold requirement for centralization under 28 U.S.C. § 1407(a) is the existence of common factual questions among the Related Actions. *See In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979) (finding transfer necessary to avoid duplication of discovery and prevent inconsistent pretrial rulings where the actions involved the same key factual inquiry). Where the actions involve common questions of fact, absolute uniformity of claims is not required. *See In re Antibiotic Drugs*, 309 F. Supp. 155, 156 (J.P.M.L. 1970) ("Of course, the applicability of different legal principles will not prevent the transfer of an action under section 1407 if the requisite *common questions of fact* exist."); *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) ("transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer").

That requirement is readily satisfied here. The Related Actions arise from a common nucleus of operative facts: Taylor Farms supplied lettuce contaminated with Cyclospora; the lettuce entered a common distribution chain; Taco Bell restaurants sold food containing the lettuce to consumers; consumers subsequently developed Cyclosporiasis; and all Defendants allegedly failed to use reasonable food-safety practices or provide timely and adequate warnings.

As a result, the actions present numerous overlapping factual questions, including:

- whether Taylor Farms supplied lettuce contaminated with Cyclospora;
- when and how the contamination occurred;
- which farms, facilities, distribution centers, and Taco Bell restaurants handled the lettuce;
- whether Defendants' testing, sanitation, and food-safety procedures were adequate;
- whether Defendants knew or should have known of the contamination;
- whether Defendants provided timely warnings and implemented an adequate recall;
- whether the contaminated lettuce caused Plaintiffs' illnesses; and
- whether Defendants' conduct caused Plaintiffs harm.

Resolution of these common questions of fact will require overlapping document discovery, witness testimony, and expert analysis concerning the same outbreak, products, supply chain, food-safety procedures, and alleged injuries. Centralization will therefore prevent duplicative discovery, minimize the risk of inconsistent pretrial rulings, and conserve the resources of the parties, witnesses, and courts. Accordingly, the Related Actions satisfy the requirements for centralization under 28 U.S.C. § 1407(a).

### B. The Eastern District of Michigan is the Most Appropriate Forum.

In determining the most appropriate forum for centralization under 28 U.S.C. § 1407, relevant factors include "the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Manual for Complex Litigation* § 20.131 (4th ed. 2016). The Eastern District of Michigan has the strongest nexus to the litigation, is a convenient forum for all parties, and has shown an ability to move and resolve other MDLs efficiently. Accordingly, it is the most appropriate transferee forum.

#### 1. Michigan is the epicenter of the outbreak.

Michigan has experienced the largest number of cyclosporiasis cases in the country. More than 13,900 Michigan residents have contracted Cyclosporiasis, with 314 of those being hospitalized and two Michigan residents losing their lives to the parasite. This means that more than half of all nationwide cases and hospitalizations, and all deaths, occurred in Michigan. During

the same period, Californias has seen only a couple hundred Cyclosporiasis cases which are not believed to be connected to the Taylor Farms outbreak.[4] As a result, the Eastern District of Michigan is home to much of the evidence that will be necessary to resolve the common factual questions presented by these actions.

**2. Relevant witnesses and evidence are located in Michigan.**

A substantial amount of relevant third-party evidence is located in Michigan, including evidence from treating physicians, hospitals, urgent care centers, diagnostic laboratories, local health departments, Michigan public health officials, Taco Bell franchisees, restaurant employees, and consumers who purchased and consumed the contaminated lettuce. Michigan public-health officials and local health departments possess evidence concerning case reports, patient interviews, laboratory confirmation, outbreak tracking, and communications with federal agencies. Relevant restaurant-level evidence also is located in Michigan, including delivery records, invoices, inventory records, recall records, food-handling procedures, and testimony from Taco Bell franchisees, managers, and employees. These third-party witnesses and records are likely to be more concentrated in Michigan than in any other state because Michigan has experienced the largest number of cases.

Additionally, the location of the corporate defendants' headquarters is less relevant in this case than in others, given that the contaminated lettuce was grown and distributed from Taylor Farms' central Mexico entity, Taylor Farms de Mexico, and distributed throughout the country[5]

---

[4] *Cyclosporiasis Cases in California Are Way Up — but Officials Say It's Not the National Outbreak. What's Happening?*, KQED (Aug. 7, 2026), https://www.kqed.org/news/12094247/cyclosporiasis-cyclospora-outbreak-rise-californaia-cases-symptoms-parasite-explosive-diarrhea-lettuce.

[5] *Taylor Fresh Foods Recalls Iceberg Lettuce from Central Mexico Because of Possible Health Risk*, U.S. FOOD & DRUG ADMINISTRATION, https://www.fda.gov/safety/recalls-market-

and mostly to Michigan.

**3. Multiple Related Actions are pending in the Eastern District of Michigan.**

There are currently six Related Actions pending in the Eastern District of Michigan, totaling 58 Plaintiffs. Three of those cases are currently pending before Judge Leitman.

Moreover, given the unprecedented number of reported illnesses in Michigan, the Burnham/Jones Plaintiffs anticipate that additional related actions by Michigan residents will be filed, reinforcing the Eastern District of Michigan's status as the District with the strongest connection to this litigation and the need to centralize these proceedings in the Eastern District of Michigan. *See In re: Packaged Ice Antitrust Litig.*, 560 F. Supp. 2d 1359, 1361 (J.P.M.L. 2008) (centralizing action in Eastern District of Michigan because it "offers a relatively geographically central district with favorable caseload conditions" and "[m]ore pending actions and potential tag-along actions have been filed in the Eastern District of Michigan than in any other district").

**4. The Eastern District of Michigan is a central and convenient forum.**

The Eastern District of Michigan is geographically central and readily accessible for nationwide litigation. The Theodore Levin United States courthouse is located approximately twenty-two (22) miles from the Detroit Metropolitan Wayne County Airport, one of the largest airports in the country, and therefore is easily accessible to all parties. *See In re: Packaged Ice*, 560 F. Supp. 2d at 1361; *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 904 F. Supp. 1407, 1408 (J.P.M.L. 1995) (finding the Eastern District of Michigan the appropriate transferee forum, in part, because it "provides a geographically central location for this nationwide litigation") *In re Upjohn Co. Antibiotic "Cleocin" Prod. Liab. Litig.*, 450 F. Supp. 1168, 1171 (J.P.M.L. 1978) ("in the

---

withdrawals-safety-alerts/taylor-fresh-foods-recalls-iceberg-lettuce-central-mexico-because-possible-health-risk (last visited Aug. 19, 2026).

context of the actions presently before us, the Eastern District of Michigan is in a geographically central and convenient location"). The cases filed in the Northern District of Ohio are also relatively close to the Federal Court located in Detroit, Michigan.

**5. The Northern District of California does not possess a comparable nexus to the outbreak.**

The Gelbspan Plaintiffs' principal basis for requesting transfer to the Northern District of California, which they have now withdrawn, is that Taylor Farms is headquartered in Salinas, California. That fact gives the Northern District of California a connection to certain corporate discovery, but it does not make California the center of the litigation.

The Related Actions also name multiple defendants, including Taco Bell Corp., Taco Bell of America, LLC, and certain Taco Bell franchises, but those entities are not headquartered in the Northern District of California. And while the location of Taylor Farms' headquarters may make California convenient for some corporate witnesses, modern electronic discovery, remote depositions, and document-production technology have substantially reduced the importance of the physical location of corporate documents. *See Clinton v. Sec. Benefit Life Ins. Co.*, 2020 WL 6120565, at *5 (S.D. Fla. June 29, 2020) (quoting *Ritter v. Metroplitan Cas. Ins. Co.*, 2019 WL 8014511, at *4 (S.D. Fla. Dec. 3, 2019) (recognizing "technological advancements have rendered the physical location of documents and other types of proof virtually irrelevant."); *Weintraub v. Advanced Corr. Healthcare, Inc.*, 161 F. Supp. 3d 1272, 1283 (N.D. Ga. 2015) ("Since the predominance of electronic discovery in the modern era, most courts have recognized that the physical location of relevant documents is no longer a significant factor in the transfer inquiry"). Moreover, corporate defendants are generally better positioned to bear the burden of travel than individual plaintiffs and non-party witnesses.

By contrast, the medical providers, public-health officials, franchisees, and restaurant

employees located in Michigan are third-party witnesses whose convenience remains a significant consideration. Unlike corporate parties, these non-party witnesses cannot readily absorb the burden of litigating in a distant forum. Their testimony and records are concentrated in Michigan because that is where the greatest number of consumers became ill and where the public-health response was most substantial.

**6. The Eastern District of Michigan possesses sufficient resources, expertise, and a favorable caseload**

The Eastern District of Michigan maintains the judicial expertise, resources, and favorable caseload needed to conduct efficient pretrial proceedings in these Related Actions. Only five multi-district litigation proceedings are pending in the District (compared to nineteen in the Northern District of California), and only one is before the Honorable Matthew Leitman.[6]

In 2025, the Eastern District of Michigan saw 3,946 civil cases filed while 10,679 civil cases were filed in the Northern District of California.[7] This, in part, resulted in the average caseload per judge in the Eastern District of Michigan being 357 while it is 1,246 cases per judge in the Northern District of California.[8] These conditions support centralization in the Eastern District of Michigan. *See, e.g., In re: Packaged Ice*, 560 F. Supp. 2d at 1361; *In re: Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d 1320, 1321 (J.P.M.L. 2009) (centralizing cases in Eastern District of Michigan which had "a caseload that is relatively favorable to steer this

---

[6] *See* MDL Statistics Report – Distribution of Pending MDL Dockets by District, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-1-2026.pdf (last visited Aug. 19, 2026).

[7] U.S. District Courts – Civil Cases Filed by District, During the 12-Month Periods Ending June 30, 1990, and September 30, 1995 Through 2025, https://www.uscourts.gov/sites/default/files/document/jff_4.2_0930.2025.pdf (last visited Aug. 19, 2026).

[8] U.S. District Court – Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2026.pdf (last visited Aug. 19, 2026).

litigation on a prudent course"); *In re Refined Petroleum Prods. Antitrust Litig.*, 528 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007) (transferring to a district with "favorable caseload conditions").

Judge Leitman is well qualified to oversee these coordinated proceedings. Before joining the federal bench, he practiced complex commercial litigation for nearly twenty years. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Pracs., Prods. Liab. Litig.*, 704 F. Supp. 2d 1379, 1382 (J.P.M.L. 2010) (finding the transferee judge's "years of private law practice at the very highest levels and in some of the most complex cases leaves him well prepared for a case of this magnitude").

Judge Leitman is currently presiding over MDL No. 2818, *In re General Motors Air Conditioning Marketing and Sales Practices Litigation*, No. 18-md-02818 (E.D. Mich.)[9] where he has overseen complex pretrial proceedings involving numerous plaintiffs, coordinated discovery, and case-management issues. His experience managing an active multidistrict litigation further demonstrates his ability to efficiently oversee these Actions. *See In re: Battlefield Waste Disposal Litig.*, 655 F. Supp. 2d 1374, 1375 (J.P.M.L. 2009) (transferring actions to an "experienced transferee judge who has a caseload favorable to accepting this assignment").

With regard to technology, the Eastern District of Michigan's courtrooms are designed to accommodate large multi-party hearings and trials and are outfitted with video drops in each courtroom to allow mobile video conference carts to connect, flip-up touch screen monitors at attorney tables, large screen evidence displays for jury viewing, evidence touch screen displays for the witness box, and digital audio with hearing impaired assistance.

Taken together, Judge Leitman's experience, the Eastern District of Michigan's favorable caseload and resources, and Michigan's central role in the underlying litigation make the Eastern

[9] Class certification has been fully briefed and argued in the *In re GM Air Conditioning* MDL.

District of Michigan the forum best suited to oversee this MDL. No other venue is better suited to manage this litigation.

## IV. CONCLUSION

For the foregoing reasons, the Burnham/Jones Plaintiffs respectfully request that the Panel enter an Order centralizing the Related Actions, together with all subsequently filed tag-along actions, in the Eastern District of Michigan in front of Judge Leitman.

DATED: August 20, 2026

Respectfully submitted,

*/s/ Dennis A. Lienhardt, Jr.*
E. Powell Miller (P39487)
Marc L. Newman (P51393)
Dennis A. Lienhardt, Jr. (P81118)
Aya Chouaib (P88113)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
dal@millerlawpc.com
ac@millerlawpc.com

*/s/ Marc E. Lipton*
Marc E. Lipton (P43877)
Steffani Chocron (P45335)
Kyle Kelly (P69863)
**LIPTON LAW**
18930 W. 10 Mile Rd.
Southfield, MI 48075
(248) 557-1688/(248) 557-6344 (Fax)
marc@liptonlaw.com
steffani@liptonlaw.com
kyle@liptonlaw.com

*Counsel for Burnham/Jones Plaintiffs*